UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **KRISTOPHER T. SAUNDERS**           ) | Civil Action No. |
| 750 North Maine Street, Brewer, Maine  ) | |
| 04412, County of Penobscot,           ) | |
| State of Maine; and                   ) | |
| **CORY A. SCRIBNER**                  ) | |
| 130 Center Street, #6, Bangor, Maine  ) | |
| 04401, County of Penobscot,           ) | |
| State of Maine,                       ) | |
|                                       ) | |
|     Plaintiffs,   ) | |
|                                       ) | |
| v.                                    ) | **COLLECTIVE AND CLASS** |
|                                       ) | **ACTION COMPLAINT** |
| **THE GETCHELL AGENCY, INC.**,        ) | |
| 1211 Broadway, Bangor, Maine, 04401,  ) | **JURY TRIAL REQUESTED** |
| County of Penobscot, State of Maine, and ) | |
| **RENA GETCHELL,** 16 C. Street,      ) | |
| Bangor, Maine 04401, Count of Penobscot, ) | |
| State of Maine,                       ) | |
|                                       ) | |
|     Defendants.   ) | |

_____

## **INTRODUCTION**

This is an individual, collective, and class action brought by individual and representatives Kristopher T. Saunders and Cory Scribner, on their own behalf and on behalf of the proposed classes identified below. Plaintiffs and the putative class members were employed by defendants, The Getchell Agency, Inc. and Rena Getchell. They performed tasks of caretakers of disabled individuals in homes operated by the defendants. Plaintiffs and the putative class members are or were covered, non-exempt employees under federal and state wage and hour laws, and are entitled to minimum wage and overtime pay consistent with the requirements of these laws.

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

1

Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and pursuant to the State of Maine Overtime Law, 26 M.R.S.A. § 670, as hereinafter more fully appears, on behalf of a collective class of "House Managers" and on behalf of a class of "Rule 23 House Managers."

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. § 201, *et seq.*

2. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiffs' state law claims because plaintiffs' state and federal claims derive from a common nucleus of operative fact.

3. Venue is proper in the United States District Court, District of Maine, pursuant to 28 U.S.C. § 1391, because defendants reside and conduct business in this District.

**THE PARTIES**

4. Defendant The Getchell Agency, Inc. is a Maine corporation qualified to do business in the State of Maine, and, having a place of business in Bangor, Maine, within the jurisdiction of this Court, and in various other locations throughout the State, is now, and at all times hereinafter mentioned was, engaged at that place in the operation of a business.

5. Defendant Rena Getchell is now, and at all times relevant to this Complaint was, an owner, the President, and the Treasurer, of the aforesaid The Getchell Agency, Inc., and actively managed, supervised, and directed the business affairs and operations of said corporation and had operational control over significant aspects of the corporation's day-to-day functions including compensation of employees. Getchell has acted at all time material herein

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

2

directly and indirectly in the interest of said corporation in relation to its employees.  She participated directly in the performance of the wrongful acts described herein in this Complaint.  Therefore, defendant Getchell is an employer of said employee within the meaning of the federal and state law.

6. Individual and representative plaintiff Kristopher T. Saunders currently resides in the city of Brewer, County of Penobscot, in the State of Maine.  He was employed by the defendants from October 2009 until December 2011.

7. Individual and representative plaintiff Cory A. Scribner currently resides in the City of Bangor, County of Penobscot, in the State of Maine.  He was employed by the defendants from December 2009 until October 2011.

8. Defendants employed plaintiff Saunders at all times relevant to this Complaint in Bangor, Maine.  Defendants employed plaintiff Saunders as a House Manager.  At different periods during his employment he was required to sleep on a couch between the hours of 10:00 PM and 6:00 AM, or share a bedroom with another employee.

9. Defendants employed plaintiff Scribner at all times relevant to this Complaint in Bangor, Maine.  Defendants employed plaintiff Scribner as a House Manager.  During part of his employment he was required to sleep on a couch during the hours between 10:00 PM and 6:00 AM.

10. At all times hereinafter mentioned, defendant employed employees in the activities of said enterprise engaged in interstate commerce, including employees handling, selling, or otherwise working on goods or materials that had been produced for commerce.  Said enterprise, at all times hereinafter mentioned, had an annual gross volume of sales made or business done in an amount of not less than $500,000.  Therefore, plaintiff  has been employed in

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

3

enterprises engaged in commerce or in the production of goods for commerce within the meaning of §3(s) of the Fair Labor Standards Act.

11. Defendants are, and at all times hereinafter mentioned were, engaged in the operation of an enterprise engaged in commerce within the meaning of §3(s) of the Fair Labor Standards Act, especially §3 (s) (1) of the Act.

**FACTUAL ALLEGATIONS APPLICABLE TO THE TECHNICIANS' FEDERAL AND STATE LAW CLAIMS**

12. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

13. Plaintiffs and those similarly situated worked as House Managers. They cared for the disabled clients and were required to reside in the homes where those disabled clients lived and to be responsible for them twenty-four (24) hours per day for seven (7) consecutive days.

14. Plaintiff and the similarly situated House Parents held non-exempt hourly positions.

15. Defendants paid plaintiffs and those similarly situated on an hourly basis.

16. Defendant failed to provide plaintiffs and those similarly situated with private quarters in a homelike environment for their use while on duty during their twenty-four (24) hour shifts.

17. Defendants followed the regular practice of paying plaintiffs and the other similarly situated House Managers for some of their overtime hours at 1.5 times their hourly rate but refused to pay them for anything for the hours between 10:00 PM and 6:00 AM.

18. The parties made no agreement to exclude work performed during hours 10:00 PM to 6:00 AM from hours to be compensated.

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

4

19. Defendant established a custom, pattern, and practice, all in violation of the Fair Labor Standards Act and of the Maine Minimum Wage Statute, of failing to regard services performed during the hours between 10:00 PM and 6:00 AM as "hours worked."

20. Defendant has willfully engaged in a pattern and practice of unlawful conduct by failing to pay plaintiff overtime wages for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

22. A claim for relief for violations of the Fair Labor Standards Act may be brought as an "opt-in" collective action pursuant to § the FLSA, 29 U.S.C. § 216(b).

23. Plaintiffs have consented in writing to assert their claim for overtime pay under the FLSA, 29 U.S.C. § 216(b).  **(See Ex. A. and B.)**  As this case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in plaintiffs.

24. Plaintiffs bring their claims under the Fair Labor Standards Act on their own behalf and on behalf of a class of similarly situated House Parents.  ("House Parent Collective Class").

25. The "House Parent Collective Class" is defined as:

> House Managers who were paid on an hourly basis
> sometime during three years prior to the Complaint
> and who were required to be with consumers
> Twenty-four (24) hours per day.

26. Potential "opt-in" members of the House Parent Collective Class are similarly situated to plaintiffs.  They all held the same job position and had substantially similar job requirements and pay provisions.  They all had the same agreements with the defendants.  They are or were subject to the same common practices, policies, and plans that required them to be

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

5

present in a house for twenty-four (24 hours per day and responsible for clients without having been provided private quarters in a homelike environment.  They all have worked as non-exempt hourly employees for defendants.  They all suffer damages in the nature of lost wages resulting from defendants' wrongful conduct.

27. Defendants knew, or should have known, that plaintiff and the similarly situated House Parents were not being provided private quarters in a homelike environment during their twenty-four (24) hour shifts during which they were responsible for the clients.

28. Members of the classes complained about not being properly paid for overtime hours.

29. Defendants' unlawful conduct described in the allegations above has been widespread, repeated, and consistent.

30. Defendants' conduct as set forth in this Complaint was willful, in bad faith, and caused significant damages to plaintiff and the Collective Class.

31. Defendants are liable under the Fair Labor Standards Act for failing to properly compensate plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.

32. On information and belief, there are numerous similarly situated current and former employees of defendants who have been denied appropriate compensation in violation of the Fair Labor Standards Act.  Each member of the Collective Class will benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to defendants and readily identifiable through defendants' records.

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

6

33. Plaintiffs have retained counsel competent and experienced in complex collective actions and FLSA litigation.

34. Thus, the FLSA claims of plaintiffs' claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS, RULE 23

35. Plaintiffs re-allege each of the allegations in the paragraphs above, and incorporate the same herein as though set out at length.

36. Plaintiffs bring the Second Claim on behalf of themselves and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Plaintiffs bring this action as a class action on behalf of the following proposed class:

> **Rule 23 Manager Class:** All persons who were, are, or will be employed by Defendant as House Managers in the State of Maine and who were paid on an hourly basis during the six years prior to the filing of the Complaint in this case, and who were required to be with the consumers for 24 hours per day.

37. <u>Numerosity</u>: The Rule 23 Classes are so numerous that joinder of all members is impracticable. On information and belief, during the relevant class periods, defendants employed in excess of one hundred (100) individuals who satisfy the definition of each of the proposed Rule 23 Class.

38. <u>Typicality</u>: Plaintiffs' claims are typical of the members of the "House Manager Rule 23 Class." Plaintiffs, like other members of the "House Manager Rule 23 Class," were subject to defendants' policy and practice of failing to pay compensation for all overtime hours worked, specifically the failure to pay anything for the hours before 6:00 AM or after 10:00 PM; and subject to defendants' policy of not making an agreement concerning the hours between 10:00 PM and 6:00 AM.

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

7

39. Plaintiffs' claims are typical of the members of the House Manager Rule 23 Class. Plaintiffs', like other members of the House Manager Rule 23 Class, were subject to defendants' policy and practice of failing to pay appropriate minimum wages and overtime compensation for all hours worked, before 6:00 AM and after 10:00 PM.

40. <u>Superiority</u>: A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court.  Prosecuting hundreds of identical, individual lawsuits does not promote judicial efficiency or equity and consistency in judicial results.

41. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

42. <u>Commonality</u>: Common questions of law and fact exist to all members of the Rule 23 Class and predominate over any questions solely affecting individual members of the Rule 23 Classes, including, but not limited to:

    A. Whether defendants unlawfully failed to fully pay appropriate compensation, including minimum wage and overtime compensation, to members of the proposed Rule 23 Class in violation of Maine state wage laws; and

    B. The proper measure of damages sustained by the proposed Rule 23 Class.

43. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Rule 23 Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for defendants. Further, adjudication of each individual member's claim as a separate action would

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

8

be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

44. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members of the Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Rule 23 Class the minimum wage or overtime pay and other compensation to which they are entitled. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

45. Plaintiffs intend to send notice to all members of the proposed Rule 23 Classes to the extent required by Rule 23. On information and belief, the names and addresses of the Rule 23 Class are available from defendants.

46. Plaintiffs request a jury trial.

## FIRST CLAIM

### Violation of the Fair Labor Standards Act

(On Behalf of the Collective Class)

47. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

48. Defendants are required by the FLSA, 29 U.S.C. § 207, to pay wages to plaintiffs and those similarly situated at a rate no less than one-and-one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

9

49. Defendants paid plaintiffs and the similarly situated House Managers overtime wages for only part of the overtime hours that they worked in violation of the FLSA, 29 U.S.C. § 207.

50. Defendants willfully failed and refused to pay plaintiffs and those similarly situated House Managers overtime wages at one-and-one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

51. Defendants' willful conduct violates the FLSA, 29 U.S.C. §§ 207, 255.

52. As a result of these unlawful practices, plaintiffs and others similarly situated House Managers suffered a loss of wages and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages, prejudgment interest, and attorneys' fees and costs.

## SECOND CLAIM

### Violation of Maine State Minimum Wage and Overtime Laws

(On Behalf of the Rule 23 Class)

53. Plaintiffs re-allege each of the allegations in the paragraphs above, and incorporates the same herein as though set out at length.

54. Under 26 M.R.S.A. § 664(3), an employer may not require an employee to work more than 40 hours in any one week unless one and one-half times the regular hourly rate is paid for all hours actually worked in excess of 40 hours in that week.

55. Defendants' conduct described in the paragraphs above violates 26 M.R.S.A. § 664(3) by failing to pay plaintiffs and the Rule 23 House Manager Class overtime compensation for all hours worked.

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

10

56. Under 26 M.R.S.A. § 664(1), an employer may not employ any employee at a rate less than the rates required by this section for each hour that the employee works.

57. By failing to pay plaintiffs and the Rule 23 House Manager Class the minimum wage for all of their hours worked, defendants' conduct described in the above paragraphs violates 26 M.R.S.A. § 664(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the House Manager Collective Class  prays for judgment against defendants as follows:

- A. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b)  and authorization for the prompt issuance of notice to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

- B. Judgment against defendants for violation of the overtime provisions of the FLSA;

- C. Judgment that defendants' actions as described above were willful;

- D. An award to plaintiffs and those similarly situated for the amount of unpaid overtime wages owed and liquidated damages;

- E. An award of prejudgment interest to the extent liquidated damages are not awarded;

- F. An award of reasonable attorneys' fees and costs;

- G. Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

- H. Leave to add additional state law claims; and

- I. For such other relief as the Court may deem just.

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

11

WHEREFORE, Plaintiffs on behalf of themselves and all members of the Maine Rule 23 House Manager Class prays for relief as follows:

    A.    Certification of this case, and the classes proposed herein, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointment of Plaintiff and his counsel to represent the Rule 23 Class;

    B.    Judgment against defendants for violation of 26 M.R.S.A. § 664;

    C.    An award to plaintiffs and the Rule 23 House Manager Class for the amount of unpaid overtime wages owed;

    D.    An award to plaintiffs and the Rule 23 House Manager Class of liquidated damages;

    E.    An award of reasonable attorneys' fees and costs;

    F.    An award of prejudgment interest and post-judgment interest; and

    G.    For such other relief as the Court deems just.

Dated: July 2, 2013

/s/ Donald F. Fontaine, Esq.
Donald F. Fontaine, Bar No. 424
Attorney for Plaintiffs

**LAW OFFICES OF DONALD F. FONTAINE**
97 India Street
P.O. Box 7590 Portland, Maine 04112
Tele: 207-879-3100
Fax: (207) 772-6402
dff@fontainelaw.com

C:\Company\DFF CLIENTS\SAUNDERS, KRIS\PLEADINGS\130702 Saunders, Kristopher and Scribner, Cory Collective and Class Action Complaint Jury Trial Requested.docx

12