UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KRISTOPHER T. SAUNDERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00244-JDL |
| | ) | |
| GETCHELL AGENCY INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

RECOMMENDED DECISION
RE: MOTION FOR APPROVAL OF NOTICE TO CLASS MEMBERS
(ECF NO. 129)

This matter is before the Court on the parties' Motion for Approval of Notice to Class Members. (ECF No. 129.)  The parties filed the motion in accordance with the Court's order that was issued after a July 21, 2015, telephonic scheduling conference.  (ECF No. 127.)

Although the parties filed the motion jointly and submitted a proposed Notice, in their submissions, the parties identified several areas of disagreement.  Following a review of the motion, and after consideration of the issues raised by the parties, I recommend that the Court grant the motion, and approve a Notice consistent with the analysis herein.[1]

1. **Class Definition**

The parties agree on the basic definition of the class, but disagree as to the date on which the class should close.  More specifically, Defendants contend that the class should not include individuals who first worked for Defendant after the lawsuit was filed.  Plaintiffs maintain that the class should include those individuals who were first employed by Defendant after the filing of the lawsuit.

---

[1] This recommendation will address each of the areas of disagreement in the order in which they appear in the proposed Notice.

"One important purpose of a class definition is to 'facilitat[e] a court's ability to ascertain its membership in some objective manner.'" *Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 952 (N.D. Ohio 2009) (quoting, *Crawley v. Ahmed*, Civ. No. 2:08-cv-14040, 2009 WL 1384147, at *9 (E.D. Mich. May 14, 2009)).  Neither of the proposed dates would interfere with the Court's "ability to ascertain its membership in some objective manner."  *Id*.  While Defendants' proposed date (i.e., the filing of the lawsuit) might provide the potential for more certainty, it also unnecessarily restricts the class membership.  On the current record, inclusion of individuals who were hired after the date of the lawsuit does not appear to present any significant burden upon Defendants or the process.  To limit the class as Defendants suggest, particularly at this stage of the proceeding, could in fact increase the burden as the possibility of multiple additional lawsuits would increase.  In addition, should the scope of the class generate any significant challenges for the Court or the parties, the Court can always revisit the class definition. *See Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("district courts have broad discretion to modify class definitions").

## 2. **Defendants' proposed liability language**

Defendants propose that the Notice include the following language: "The Court has not decided whether The Getchell Agency did anything wrong.  There is not money available now and no guarantee there will be.  However, your rights are affected, and you have a choice to make now."

Presumably, Defendants request inclusion of the language to clarify for potential class members that Defendants' liability has not been established.  In concept, Defendants' concern is understandable and reasonable.  The proposed language regarding the availability of money, however, is not necessary to inform class members that Defendants are contesting liability and that the Court has made no determination of liability.  The following language is more suitable: "The

Getchell Agency contests the allegations made in the lawsuit, and the Court has made no determination as to whether The Getchell Agency did anything wrong. However, your rights are affected, and you have a choice to make now."

### 3. <u>Deadline for Requesting Exclusion</u>

Plaintiffs propose that potential class members be afforded 45 days to request exclusion from the class; Defendants propose 90 days. To assure that class members have adequate time to receive the notice, and to make an informed decision as to whether to be involved in the lawsuit, the 90-day period is reasonable.

### Conclusion

Based on the foregoing analysis, I recommend that the Court grant the motion (ECF No. 129), and approve the Notice in the form of Exhibit A, which is attached hereto and is in accordance with the reasoning herein.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 20th day of August, 2015.

3

**EXHIBIT A**
UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KRISTOPHER T. SAUNDERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00244-JAW |
| | ) | |
| THE GETCHELL AGENCY INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**CURRENT AND FORMER EMPLOYEES OF
THE GETCHELL AGENCY
IMPORTANT NOTICE REGARDING YOUR RIGHTS**

TO:  ALL INDIVIDUALS WHO WORKED AS HOUSE MANAGERS FOR THE GETCHELL AGENCY, WHO WERE PAID ON AN HOURLY BASIS, AND WHO WERE REQUIRED TO BE WITH CONSUMERS FOR 24 HOURS PER DAY, ANYTME FROM JULY 3, 2007, TO THE PRESENT.

Please read this notice carefully.  Your rights may be affected by a class action lawsuit pending in this Court.  You are not being sued.

The purpose of this notice is to advise you of a lawsuit begun by several employees of The Getchell Agency under Maine's minimum wage and overtime laws.  This notice advises you of the legal rights that you may have in connection with that lawsuit.  The lawsuit is called Saunders, et al. v. Getchell Agency, et al.  It is pending in the United States District Court for the District of Maine, Civil Action Number 1:13-cv-00244-JAW.

The Court has certified this case as a class action, brought on behalf of all individuals who were employed by The Getchell Agency as House Managers, were paid on an hourly basis, and were required to be with consumers for 24 hours per day, between July 3, 2007, and the present. The Getchell Agency contests the allegations made in the lawsuit, and the Court has made no

4

determination as to whether The Getchell Agency did anything wrong.  However, your rights are affected, and you have a choice to make now.

If you fall within this class of people, please read this notice carefully.

## 1.   DESCRIPTION OF LAWSUIT

The named Plaintiffs in this lawsuit are Katelin Varney, Corey Scribner, Jared Forest, Karey Ann Sinclair, and Taylor Perkins.  Plaintiffs allege in the lawsuit that The Getchell Agency violated Maine's overtime and minimum wage laws by failing to pay House Managers for overnight hours when they stayed on the premises to monitor the company's consumers.  The Plaintiffs are seeking to recover unpaid overtime and minimum wages for all class members, as well as liquidated damages, attorney's fees and costs from The Getchell Agency, plus interest.

The Getchell Agency denies these allegations.  Specifically, The Getchell Agency maintains that class members were fully and fairly paid for all hours actually worked.

In March 2015, the federal district court judge overseeing this case ruled that this case should be certified as a class action so that the named Plaintiffs could pursue claims for unpaid overtime and minimum wage on behalf of all other House Managers who were paid on an hourly basis and were required to be with consumers for 24 hours per day during the relevant time period.

If there is no voluntary settlement, lawyers must prove the claims against The Getchell Agency at a trial.  The claims of Class Members as a whole will be addressed at a trial of common issues.

## 2.   YOUR RIGHTS AND OPTIONS

In order to participate in this case, you do not need to do anything.  This notice is only to inform you of the pendency of this lawsuit and to advise you that you have the right not to participate in the case if you choose by "opting out," that is, excluding yourself from the case.  The Court will exclude from the Class any Member who requests to be excluded.

If you choose to exclude yourself, you will not be bound by any judgment in this case.  You will not be entitled to any monetary damages obtained by Plaintiffs, and you also will not be bound by any ruling for either side.  If you exclude yourself, you may bring a separate lawsuit, or you may choose to do nothing.  If you do not exclude yourself, you will be bound by any ruling or judgment of the Court and if the Plaintiffs were successful you would likely share in any classwide monetary compensation.

 To be excluded from this lawsuit, you must send a letter, fax, or e-mail to Karin Erickson, whose address is below, with your name, address, and the statement, in substance, "Please exclude me from The Getchell Agency lawsuit."  Ms. Erickson's contact information is:

> Karin Erickson, Firm Class Action Administrator
> Lichten & Liss-Riordan, P.C.
> 729 Boylston St., Suite 2000
> Boston, MA  02116
> Fax:  617-994-5801
> Email:  kerickson@llrlaw.com

The deadline for sending a letter, fax or e-mail requesting exclusion is ninety days from the date of this Notice.  The Court reserves the right to alter this deadline for good cause shown.

### 3.   THE LAWYERS REPRESENTING PLAINTIFFS AND THE CLASS

You have the right to engage your own attorney to represent you in this case at your own expense if you choose.

If you do not ask to be excluded, and do not engage your own attorney, you will be represented by counsel for Plaintiffs and the class:

| | |
|---|---|
| Harold Lichten, Esq. | Donald Fontaine, Esq. |
| Matthew Thomson, Esq. | 97 India St., |
| Lichten & Liss-Riordan, P.C. | P.O. Box 7590 |
| 729 Boylston St., Suite 2000 | Portland, ME  04112 |
| Boston, MA  02116 | (207) 879-1300 |
| (617) 994-5800 | dff@fontainelaw.com |
| (617) 994-5801 (fax) | |
| www.llrlaw.com | |

Your representation by Class Counsel will be on a contingency fee basis, which means that they will be paid by receiving a portion of any award to which you may be entitled. You will not have to pay out-of-pocket costs for the representation. If there is no recovery, there will be no attorneys' fees.

### 4. GETTING MORE INFORMATION

If you have any questions about this Notice or would like to get more information about this lawsuit, you may write, call, or e-mail Attorneys Donald Fontaine, Matthew Thomson, or Harold Lichten, or the law firm's class action administrator at kerickson@llrlaw.com

You may review documents in the case at the Clerk's Office of the United States District Court, District of Maine, 202 Harlow Street, Third Floor, Bangor, Maine.

**DO NOT CONTACT THE COURT OR THE ATTORNEY FOR THE GETCHELL AGENCY (UNLESS YOU HAVE FIRST EXCLUDED YOURSELF FROM THE CLASS) IF YOU HAVE ANY QUESTONS ABOUT THIS MATTER**

**\*\*\*\*\*\*\***

THE FORM OF THIS NOTICE HAS BEEN APPROVED BY THE COURT BUT THE COURT DOES NOT EXPRESS ANY VIEW AS TO THE MERITS OF THE CLAIMS OR DEFENSES IN THIS CASE.

> BY ORDER OF THE COURT
> UNITED STATES DISTRICT COURT
> DISTRICT OF MAINE

DATED: August 20, 2015